UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United Property & Casualty Insurance,<br><br>        Plaintiff,<br>v.<br><br>Joseph P. D'Ambrosio and Mary A. D'Ambrosio,<br><br>        Defendants. | Civil Action No.:   9:19-cv-547-BHH<br><br>**Opinion and Order** |

   This matter is before the Court on Defendants Joseph P. D'Ambrosio and Mary A. D'Ambrosio's ("Defendants" or "D'Ambrosios") motion to dismiss the second amended complaint filed by Plaintiff United Property & Casualty Insurance ("UPC"). (ECF No. 12.) For the reasons set forth in this Order, the motion to dismiss is denied as moot.

## BACKGROUND

   On February 22, 2019, UPC filed this declaratory judgment action pursuant to 28 U.S.C. § 2201, seeking a declaration of no coverage related to Defendants' insurance claim arising from an underlying third-party complaint by William E. Gavigan ("Gavigan") against the D'Ambrosios in the Beaufort County Court of Common Pleas, and pertaining to an insurance policy issued by UPC to the D'Ambrosio's for the policy period May 17, 2018 to May 17, 2019 ("first policy period"). (ECF No. 1.) On April 23, 2019, UPC amended the complaint to reflect the inclusion of counterclaims made by Gavigan against the D'Ambrosios in a related underlying State court action (counterclaims and third-party complaint hereinafter collectively referred to as the "Gavigan Actions"). (ECF No. 6.) On August 7, 2019 at 10:57 a.m., after seeking and obtaining leave of this Court, UPC filed

1

a second amended complaint seeking declarations of no coverage for both the first policy period and a renewal period from May 17, 2019 to May 17, 2020 ("second policy period"), due to the D'Ambrosios tendering amended pleadings with which they had been served in the Gavigan Actions. (ECF No. 9; *see* Mot. to Amend Am. Compl., ECF No. 7 ("Although the general nature of the allegations against the Defendants regarding a conspiracy to harm have not changed, it is necessary that the pending Amended Complaint in the above-captioned action accurately reflect both the updated allegations and policy in play.").) Also on August 7, 2019, at 1:58 p.m., the D'Ambrosios filed a substantially identical declaratory judgment action against UPC in the Beaufort County Court of Common Pleas ("State Declaratory Judgment Action") seeking a declaration of coverage under the second policy period—premised upon an additional endorsement the D'Ambrosios requested Kinghorn Insurance Agency of Beaufort, LLC ("Kinghorn") obtain for them after UPC denied their claim—for allegations made in one of the Gavigan Actions, and advancing a negligence claim against Kinghorn for failure to procure insurance as requested. (*See* ECF No. 23-1 at 2–3 (detailing filing sequence and timing).)

Defendants filed the instant motion to dismiss on October 22, 2019. (ECF No. 12.) UPC filed a response in opposition on November 15, 2019, and Defendants filed a reply on November 29, 2019. (ECF Nos. 16 & 19.) On September 29, 2020, UPC filed a supplemental response informing the Court that the presiding judge in the State Declaratory Judgment Action had granted UPC's motion to dismiss the D'Ambrosios' declaratory judgment cause of action, and arguing that the instant motion to dismiss is moot. (ECF No. 21.) On October 10, 2020, Defendants filed a supplemental brief arguing that their breach of contract cause of action remains pending against UPC in the State

action and that their arguments for dismissal of the instant case are still viable. (ECF No. 22.) The matter is ripe for disposition and the Court now issues the following ruling.

## STANDARD OF REVIEW

When a party challenges the factual basis for a federal court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving the district court possesses subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)). In considering a Rule 12(b)(1) motion to dismiss, the district court is to regard the pleadings as mere evidence on the issue of subject matter jurisdiction and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment. *Id.* (citing *Adams*, 697 F.2d at 1219; *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). "The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

## DISCUSSION

As the party bringing suit, UPC bears the burden to establish the presence of a

substantial and real dispute between the parties, of sufficient immediacy, in order to satisfy the "case or controversy" requirement imposed by Article III of the U.S. Constitution. *See Richmond*, 945 F.2d at 768. It is plain that UPC's second amended complaint presents such a controversy, and subsequent developments in the State Declaratory Judgment Action have rendered moot the instant motion to dismiss.

In their motion to dismiss, Defendants argue that the following grounds require dismissal of this declaratory judgment action: (1) no justiciable controversy remains because there was no continuous case or controversy after Defendants withdrew their claim for coverage under the first policy period (ECF No. 12 at 9–19); (2) Kinghorn is a necessary and indispensable party to this action, and the joinder of Kinghorn would destroy the Court's diversity jurisdiction (*id.* at 19–24); and (3) the Court should exercise its discretion to abstain from accepting jurisdiction under the factors set forth in *Nautilus Ins. Co. v. Winchester Homes*, 15 F.3d 371 (4th Cir. 1994) and *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937), because another substantively identical declaratory judgment claim is pending in a State court action (*id.* at 24–35).

UPC filed a motion to dismiss the State Declaratory Judgment Action on the ground, *inter alia*, that the instant federal case was filed prior to the State Declaratory Judgment Action and contained the same coverage claim between the same parties. (*See* UPC SCRCP Rule 12 Mot. to Dismiss, ECF No. 23.) After a hearing on the motion, on May 5, 2020, South Carolina Circuit Court Judge Deadra L. Jefferson granted UPC's motion in part, dismissing the declaratory judgment claim pending in the Beaufort County Court of Common Pleas and permitting the D'Ambrosios' negligence cause of action against Kinghorn and breach of insurance contract cause of action against UPC to go

4

forward. (*See* J. Jefferson Order, ECF No. 23-1.) Judge Jefferson stated:

> Here, UPC's federal action and the [Diambrosios'] state action are between the same parties in their same capacities, and the claims are precisely or substantially the same. The federal action is between the D'Ambrosios in their individual capacities and UPC; the state action is between the D'Ambrosios in their individual capacities and UPC. UPC's federal action seeks a declaratory judgment that it has no duty to defend or indemnify the D'Ambrosios under claims made against them arising out of a neighborhood-wide property dispute. The D'Ambrosios present state action seeks a declaratory judgment that UPC does have a duty to defend or indemnify the D'Ambrosios under the same claims made against them in the neighborhood-wide property dispute. Therefore, the parties to the federal action and state action are identical, and the claims are precisely or substantially the same.
> 
> Further, as the federal declaratory judgment action was filed before the D'Ambrosios' state action, pursuant to the first-to-file principal, the federal action shall have priority over the state action. *See Nall v. Piper*, 948 F.2d 1282 (4th Circ. 1991); *see also Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178 (4th Circ. 1974). Accordingly, pursuant to Rule 12(b)(8), SCRCP, the [D'Ambrosios'] declaratory judgment cause of action is hereby dismissed.

(ECF No. 23-1 at 3–4.) Moreover, when analyzing the D'Ambrosios' negligence claim against Kinghorn and permitting it to proceed, Judge Jefferson found as follows:

> The [D'Ambrosios'] negligence claim is brough against Kinghorn Insurance Agency of Beaufort, LLC, not UPC. The [D'Ambrosios] allege, among other things, that Kinghorn, as [D'Ambrosios'] insurance broker, failed to advice [D'Ambrosios] of any gaps in their policy that would prevent coverage. Any negligence on Kinghorn's part does not have a logical relationship with UPC's federal declaratory judgment action against the [D'Ambrosios]. Whether Kinghorn was negligent in advising the [D'Ambrosios] of their coverage or procuring the [D'Ambrosios'] insurance is not logically related to whether UPC is obligated to defend the [D'Ambrosios].

(*Id.* at 5.)

"[T]he mootness doctrine is a constitutional or prudential limitation upon the competence of federal courts to decide particular cases and is properly examined by the court whether or not the parties choose to address it." *Kennedy v. Block*, 784 F.2d 1220,

5

1222 (4th Cir. 1986) (citation omitted). Here, the assertion of mootness is prudential in nature and has to do with a specific issue for decision in the case, rather than the viability of the case itself—namely, whether there is a continuing need for the Court to decide the merits of Defendants' motion to dismiss. There is not, and the motion is denied as moot.

First, Judge Jefferson deferred, under the first-to-file rule, to this Court's jurisdiction over the declaratory judgment controversy at issue and dismissed the very State court declaratory judgment claim that Defendants argue should have precedence over the instant case. As a logical matter, the D'Ambrosios' act of filing a substantially identical declaratory judgment claim in State court supports the conclusion that there is a justiciable controversy between the parties. Contrary to Defendants' repeated assertions, the controversy between the parties was not extinguished or cut off when Mr. D'Ambrosio told UPC's counsel, during a May or June 2019 phone conversation, that he conceded there was no coverage under the first policy term, or when he sent an email on July 25, 2019 stating that Defendants had decided to "withdraw" their claim under the first policy period because "no controversy exists." The fact remains that Defendants did not sign UPC's proposed written agreement on the initial coverage decision, and UPC was well within its procedural rights, having received leave of this Court, to file a second amended complaint incorporating amended pleadings from the Gavigan Actions—tendered by Defendants on July 20, 2019—and the newly relevant second policy period. Defendants' assertion that second amended complaint should be dismissed for want of subject matter jurisdiction is moot.

Second, Judge Jefferson cogently found that the D'Ambrosios' negligence claim against Kinghorn is wholly unrelated to whether UPC's policy provides coverage for the

underlying insurance claims. By simultaneously dismissing the State court declaratory judgment claim against UPC, deferring to this Court's jurisdiction on that claim, and permitting the negligence claim against Kinghorn to proceed, the State Court in essence found that Kinghorn is not a necessary party to the instant case. (*See* ECF No. 23-1 at 4–5.) The Court agrees with the sound analysis of the State Court, and Defendants' second theory of dismissal in their motion to dismiss is moot.

Finally, the State Court's dismissal of the D'Ambrosios' parallel declaratory judgment claim eliminates the need for this Court to engage in a substantive analysis of the *Nautilus* and *Quarles* factors. Accordingly, Defendants' third theory of dismissal in their motion to dismiss is moot.

## **CONCLUSION**

For the reasons set forth above, Defendants Joseph P. D'Ambrosio and Mary A. D'Ambrosio's motion to dismiss the second amended complaint filed by Plaintiff United Property & Casualty Insurance is DENIED as moot.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

October 30, 2020
Charleston, South Carolina